**UNITED STATES v. VADNER et al.**
Civ. No. 15699.

United States District Court,
E. D. Pennsylvania.
Jan. 12, 1954.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Edward W. Rothe, Sp. Asst. Attys. Gen., W. Wilson White, U. S. Atty., Norman Kron, Asst. U. S. Atty., for plaintiff.

A. Allen Simon, Philadelphia, Pa., for defendants.

Speiser, Satinsky, Gilliland & Packel, Philadelphia, Pa., for Walter Bryant Pierce.

KIRKPATRICK, Chief Judge.

I am of the opinion that the defendant's refusal, based on the Fifth Amendment privilege against self incrimination, to make disclosure of his assets, was justified by the recent decisions of the Supreme Court in the Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118; Greenberg v. United States, 343 U.S. 918, 72 S.Ct. 674, 96 L.Ed. 1332, and Singleton v. United States, 343 U.S. 944, 72 S.Ct. 1041, 96 L.Ed. 1349, cases. In United States v. Coffey, 3 Cir., 198 F.2d 438, 440, the Court of Appeals for this circuit appraised those decisions, examining the reasoning of the Court and stating concisely, for the guidance of the district courts, the rule which they laid down. Judge Hastie said "It is enough (1) that the trial court be shown by argument how conceivably a prosecutor, building on the seemingly harmless answer, might proceed step by step to link

the witness with some crime against the United States, and (2) that this suggested course and scheme of linkage not seem incredible in the circumstances of the particular case. It is in this latter connection, the credibility of the suggested connecting chain, that the reputation and known history of the witness may be significant."

In the present case it seems clear that a complete disclosure of the defendant's assets would give a prosecutor a starting point from which he might "proceed step by step to link the witness" with several criminal offenses against the United States, in connection with his payment or nonpayment of taxes for the years from 1947 to date.

It is also clear that "the reputation and known history of the witness" strongly fortifies the credibility of the suggested connecting chain. This witness was convicted of wilful attempt to evade income taxes for the years 1943 to 1946 and, as a result, served over four months in prison. The government is now engaged in an investigation of his tax situation from 1946 on. There can be little doubt that the witness "really apprehends danger in making the disclosure".

It may be that the blanket refusal was somewhat broader than was strictly within the privilege and the witness also may be technically in contempt for failing to bring his books into court in response to the Court's order, but it is obvious that he is protected by the Amendment as to almost every fact which the government really wishes to elicit, including the inspection of his books and papers, and it would serve no useful purpose to impose a penalty.

The defendant's voluntary testimony before the Tax Court, relating to his income and assets for the years 1943 to 1946, does not constitute a waiver as to this proceeding. "A witness who testifies to incriminating matters on one trial or hearing does not thereby waive the right to refuse to answer as to such matters on a subsequent trial or hearing." 70 C.J., Witnesses, Sec. 912, page 757. See also Myrick v. United States, 1. Cir., 219 F. 1.

The motion is denied.